**BECKER LLC**
Joseph G. Harraka, Jr. (007731990)
Erik B. Derr (145552015)
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039
(973) 422-1100
jgharraka@becker.legal
ederr@becker.legal
*Attorneys for Defendants*
*Jared Yellin, Synduit Holdings, LLC*
*(improperly pled as Synduit LLC),*
*CILA Labs, LLC, and Project 10K, LLC*
*(improperly pled as Project 10K*
*and formerly known as 10X Incubator, LLC)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SJA TD HOLDINGS, L.L.C. D/B/A UNBLINDED and SEAN R. CALLAGY ESQ., <br><br> Plaintiffs, <br><br> v. <br><br> JARED YELLIN, SYNDUIT LLC, 10X INCUBATOR LLC, CILA LABS, LLC, PROJECT 10K and JOHN DOE DEFENDANTS 1-100 <br><br> Defendants. | CASE NO.: 2:22-cv-04940 <br><br> **MEMORANDUM OF LAW** <br><br> **MOTION NOTICED FOR MAY 20, 2024** |

**MEMORANDUM OF LAW IN SUPPORT OF BECKER LLC'S MOTION**
**TO WITHDRAW AS COUNSEL**

1

In accordance with Local Civil Rule 102.1, the law firm Becker LLC ("Becker") respectfully seeks leave to withdraw from representing Defendants Jared Yellin ("Mr. Yellin"), Synduit Holdings, LLC ("Synduit"), CILA Labs, LLC ("CILA Labs"), and Project 10K, LLC ("Project 10K") [collectively, "Defendants"] in the above-referenced action (the "Action"). Becker respectfully submits this Memorandum of Law in support of its Motion to Withdraw (the "Motion").

## DISCUSSION

A motion to withdraw as counsel is governed by Local Rule 102.1, which provides that unless other counsel is substituted, withdrawal of counsel requires leave of court. *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996). Under Local Rule 103.1, practice before this Court is governed by the New Jersey Disciplinary Rules of Professional Conduct. New Jersey Rule of Professional Conduct Rule 1.16, in turn, details the circumstances in which withdrawal by counsel is permitted (RPC 1.16(b)) and required (RPC 1.16(a)). *See Cuadra v. Univision Commc'ns, Inc.*, No. 09-4946 (JLL), 2012 WL 1150833, at *4 (D.N.J. Apr. 4, 2012) (evaluating withdrawal motion under RPC 1.16). In particular, a lawyer "shall withdraw" if (1) "the representation will result in violation of the rules of professional conduct or other law," (2) "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client," or (3) "the lawyer is discharged." RPC 1.16(a).

Under RPC 1.16 a lawyer "may withdraw" if (1) "withdrawal can be accomplished without material adverse effect on the interests of the client," (2) "the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent," (3) "the client has used the lawyer's services to perpetrate a crime or fraud," (4) "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement," (5) "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," (6) "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client," or (7) "other good cause for withdrawal exists." RPC 1.16(b).

The Court should consider four criteria when considering motions to withdraw: (1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay resolution of the case." *Haines v. Liggett Grp.*, 814 F. Supp. 414, 423 (D.N.J. 1993). The Third Circuit has explained that there is no required list of factors a district court must consider when deciding a motion to withdraw, which is fact specific. *Ohntrup v. Makina ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014).

Ultimately, the determination of whether to permit withdrawal lies entirely within the discretion of the court. *Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 422 (D.N.J. 1993).

In this case, withdrawal is appropriate under RPC 1.16. The specific facts and circumstances supporting this motion, however, must be kept confidential under RPC 1.6 (governing confidentiality of client information). Without disclosing communications subject to the attorney-client privilege, however, Becker and Defendants were operating pursuant to an agreement that Defendants would "fulfill an obligation to [Becker] regarding [Becker's] legal services." RPC 1.16. Defendants have "been given reasonable notice that [Becker] will withdraw unless the obligation is fulfilled" and to date those obligations have not been fulfilled by Defendants. Becker's continued representation "will result in an unreasonable financial burden" on Becker, therefore, withdrawal is appropriate in this instance. Motions to withdraw have been granted in this District under similar circumstances. *Erie Molded Plastics, Inc. v. Nogah, LLC*, 520 Fed. App'x 82, 84-85 (3d Cir. 2013); *G.W. v. Ringwood Bd. of Educ.*, No. 21-cv-20657, 2022 WL 15443870, at *3 (D.N.J. Oct. 27, 2022); *Liberty Mut. Ins. Co. v. Ping Yip*, No. 20- cv-3641, 2021 WL 4206299, at *2 (D.N.J. Sept. 16, 2021).

This Action is not scheduled for trial, and while new appearance of counsel for Defendants may slightly delay discovery, the reasons for withdrawal outweigh

any potential prejudice to the litigants or delay in resolving the Action. *High Crest Functional Med., LLC v. Horizon Blue Cross Blue Shield of N.J., Inc.*, Civil Action No. 15-8876 (MCA) (LDW), 2017 U.S. Dist. LEXIS 164732, at *8 (D.N.J. Oct. 3, 2017). This is because Defendants' motion to dismiss (ECF No. 8) has not been decided by the Court, discovery has not yet been completed in this Action, several highly pertinent discovery issues remain unresolved, depositions have not yet been completed in the Action, and Plaintiffs were only recently granted leave to file a motion to amend the Complaint by April 26, 2024 (*see* ECF No. 73), which would effectively restart the pleading and discovery process.

    If the Court needs additional information to evaluate the basis for withdrawal, we respectfully request that the Court schedule an in camera hearing before Judge Clark, outside the presence of all other parties, to ensure that the confidentiality of Defendants' information is preserved.

    In filing this Motion Becker advises Plaintiffs and pledges to the Court that it will make itself reasonably available to assist Defendants in their transition to new representation, should the Court grant this Motion.

## CONCLUSION

For the foregoing reasons. Becker's Motion to withdraw should be granted. If the Court needs additional information, we respectfully request that the Court schedule an in camera hearing before Judge Clark.

                              **BECKER LLC**

                        By: */s/ Joseph G. Harraka, Jr., Esq.*
                              Joseph G. Harraka, Jr., Esq.

Dated: April 22, 2024

6